IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *on behalf of itself and those similarly situated*, and TENNESSEE FAIR HOUSING COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and SCOTT TURNER, *in his official capacity as Secretary of Housing and Urban Development*,<br><br>Defendants. | Case No. 1:25-cv-01965-SLS |

**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Upon consideration of Plaintiffs' Motion for a Temporary Restraining Order, it is hereby ORDERED that the Motion is GRANTED.

It is further hereby ORDERED that funding appropriated for the Fair Housing Initiatives Program ("FHIP") in the Consolidated Appropriations Act of 2024, Pub. L. 118–42 (hereinafter "FY2024 Appropriations Act"), shall remain available through the pendency of this litigation and the implementation of any final relief. *See* 31 U.S.C. § 1502(b).

It is further hereby ORDERED that Defendants shall affirmatively authorize grant recipients to continue work on preexisting Private Enforcement Initiative ("PEI") grants, so long as the work is consistent with applicable law and the terms and conditions of the grants.

It is further hereby ORDERED that, for any preexisting PEI grant that has not had the necessary documentation for the FY2024 funding finalized, within thirty days of this order, HUD

shall implement the next year of the grant, including by finalizing the statements of work, budgets, payment schedules, and Form-1044s.

It is furthered ORDERED that, to the extent any organization with a preexisting PEI grant experienced a funding disruption due to the conduct challenged in this case, HUD shall offer the recipient the option to extend the period of performance by the length of the disruption. Defendants shall not reduce the amount of the award or otherwise penalize recipients of preexisting PEI awards for funding disruptions caused by the conduct challenged in this case.

It is further ORDERED that Defendants shall administer the preexisting PEI awards in a manner consistent with applicable law for the remainder of the periods of performance.

It is further ORDERED that Defendants shall immediately begin reviewing eligible applications for the pending 2024 FHIP Notices of Funding Opportunity ("NOFOs"). Defendants shall provide the Court with a status report outlining their review within seven days of this Order.

It is further ORDERED that Defendants complete their application review and select and announce recipients no later than August 30, 2025.

It is further ORDERED that Defendants shall implement all awards made under the pending 2024 FHIP NOFOs within ninety days of their announcement, including by finalizing the statements of work, budgets, payment schedules, and Form-1044s.

It is further ORDERED that Defendants shall administer the new FHIP awards in a manner consistent with applicable law for the lives of the grants.

It is further ORDERED that Defendants shall file status reports with the Court regarding their compliance with this Order every fourteen days.

**SO ORDERED.**

Dated: _____

                                                      _____
                                                      U.S. District Judge

**Local Rule 7(k) List of Persons to Be Served**

Heidy Gonzalez
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs
(202) 598-7409
Heidy.Gonzalez@usdoj.gov
*Counsel for Defendants*