IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, <br><br> Defendants. | No. 25-cv-01965-SLS |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

1

## INTRODUCTION

Plaintiffs' claims should be dismissed because they are based merely on speculation and conjecture. Each of the claims in the Complaint assumes that HUD will not obligate funds before they lapse on September 30, 2025. Plaintiffs' preference that HUD proceed more expeditiously is not actionable, particularly in light of time remaining before the September 30 deadline. Plaintiffs' allegations establish only that HUD has not moved as quickly as Plaintiffs would like, not that HUD is violating any law. Plaintiffs have not suffered any concrete, particularized, redressable, or ripe injury that is justiciable in this Court. And because HUD's actions are consistent with its grant administration authority and discretion, Plaintiffs have failed to state viable APA and constitutional claims. The Court should dismiss the Complaint.

## ARGUMENT

### I. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims.

The Complaint is entirely based on bald and conclusory allegations that HUD is "refusing" to administer FY24 FHIP grants and will fail to timely obligate funds, which cannot survive *Iqbal/Twombly* review. *See* Compl., ECF No. 1, ¶¶ 1, 4, 7, 11, 14, 68, 70–71, 73–74, 95, 98, 100, 103, 116(b)(i), (e), 120–121, 125–28, 141, and at 34. The factual allegations in the Complaint, even if accepted as true, do not establish that HUD is "refusing" to timely obligate any FHIP funds.

HUD does not dispute that with a change in Administration and HUD leadership, HUD has not administered grants as quickly as it did in the midst of the prior Administration. *See* Compl. ¶ 81. However, as the Complaint highlights, all that is required to prevent a lapse of FY24 funds is obligation of those funds prior to September 30, 2025. The Complaint does not, and cannot, establish that HUD is required to administer FHIP grants within any specific timeline *before* September 30. At most, the Complaint points to certain Congressional reporting requirements, but those requirements do not impede HUD's ability to obligate funds up to the

2

September 30 deadline[1] and Plaintiffs do not have standing to enforce provisions that merely require reporting to Congress. *See Spokeo v. Robins,* 578 U.S. 330, 341 (2016) (holding that "a bare procedural violation" is not justiciable under Article III).

As to ripeness, Plaintiffs' claims, purely based on the unsupported speculation that FHIP funds may not be administered before September 30, are not ripe for review because they are "dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Trump v. New York*, 592 U.S. 125, 131 (2020) (citation omitted). As Plaintiffs' Complaint acknowledges, the deadline to obligate the funds is not until September 30. Compl. ¶¶ 11, 56, 84. Allegations that HUD had not taken action yet "[a]s early as April 16" do not establish that HUD is "refusing" to obligate funds by September 30. Compl. ¶ 70.

Similarly, as to Article III injury, Plaintiffs have failed to assert a concrete, particularized, imminent injury because the specific, non-conclusory factual allegations in the Complaint do not establish that HUD is refusing to obligate FHIP funds by September 30. To the extent Plaintiffs' allegations are construed as a request that HUD obligate FHIP funds sooner than September 30 to prevent any claimed injury, Plaintiffs lack a "legally protected" interest to justify such a request because they have no legal entitlement to funds prior to September 30. *Spokeo,* 578 U.S. at 339 ("To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." (cleaned up)).

As to redressability, it is telling that Plaintiffs' opposition does not address this

---

[1] It is well-settled that "[w]here Congress knows how to say something but chooses not to, its silence is controlling." *Brendsel v. Off. of Fed. Hous. Enter. Oversight*, 339 F. Supp. 2d 52, 65 (D.D.C. 2004) (citation omitted); *Samma v. Dep't of Def.*, 486 F. Supp. 3d 240, 277 (D.D.C. 2020). Where Congress wants the consequence of not timely giving notice of an expenditure to be that the funds cannot be obligated altogether, Congress knows how to say that, and Congress chose not to impose such a restriction for FHIP funds. *Compare, e.g.*, Financial Services and General Government Appropriations Act, 2017, Section 710, Pub. L. No. 115-31, div. E, title VII, § 710 ("no funds may be obligated or expended…unless advance notice…is transmitted to the Committees on Appropriations"), *with* 42 U.S.C. § 3616a (merely stating that HUD shall "submit notification of such proposed grant" at least 30 days before consummating it).

point. FHIP affords HUD discretion in determining *how* to administer grants programs under that statutory framework. Prior to the September 30 deadline, it would be improper to "specifically order" the federal government "to contract" with specific parties. *AIDS Vaccine Advoc. Coal. v. Dep't of State*, 770 F. Supp. 3d. 121, 154 (D.D.C. 2025). This includes an order requiring that HUD implement specific contract terms that would otherwise be subject to negotiation between the contracting parties. As a result, the Court is not able to award the specific relief that would redress Plaintiffs' claimed injuries, that is an order requiring that HUD enter into grant agreements with other entities before September 30. Further, there is no certainty that Plaintiffs would be selected as grantees under the FY24 NOFOs, and an order requiring administration of those notices before September 30 would not change that.

Finally, any contract-based claims seeking the payment of funds under grant contracts can only be heard by the Court of Federal Claims. *See* Mot. at 7–10; *see also Crowley Gov't Services, Inc. v. Gen. Services Admin.*, 38 F.4th 1099, 1106 (D.C. Cir. 2022) (The Tucker Act applies when a claim is "at its essence" contractual); *Am. Library Ass'n v. Sonderling*, No. CV 25-1050 (RJL), 2025 WL 1615771, at *7 (D.D.C. June 6, 2025) (finding that because "the main mechanism" by which the defendants allegedly violated the APA and the Constitution was through non-compliance with grants, the Tucker Act applied); *see generally Fisher-Cal Indus., Inc. v. United States*, 747 F.3d 899, 902–03 (D.C. Cir. 2014) (concluding that the government's decision not to renew a contract was within the exclusive jurisdiction of the Court of Federal Claims). While Plaintiffs' opposition brief argues that existing PEI grantees' claims do not derive from current grant contracts (ECF No. 12 at 17-18), that is contradicted by the Complaint's allegations that the subject conduct "terminates" their grant contracts. Compl. ¶ 14, 48-50, 141-42. Claims that federal contracts were improperly terminated belong in the Court of Federal Clams.

## II. The Complaint Fails to State a Legally Cognizable Claim.

### A. The APA Bars Plaintiffs' Claims.

Plaintiffs have failed to identify any discrete, final agency action that is reviewable under

4

the APA. The allegations in the Complaint merely reflect that HUD has not taken action on the FHIP grants on Plaintiffs' desired timeframe. Plaintiffs' own Complaint establishes that HUD has until September 30 to obligate funds. Plaintiffs have not, and cannot, show otherwise. Plaintiffs' attempts to superintend HUD's grant administration authority and discretion should be rejected.

Decisions that are "preliminary" in nature are "not directly reviewable." *See* 5 U.S.C. § 704. "[They] may be a step, which if erroneous will mature into a prejudicial result." *Chi. & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 112 (1948). But that does not make the decisions themselves the "consummation of the administrative process" reevaluating the agency's priorities. *Id*. at 113. Agency action is final if it "mark[s] the consummation of the agency's decisionmaking process" and it is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (quotations omitted).

Additionally, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Ctr. for Biological Diversity v. Zinke*, 260 F. Supp. 3d 11, 20 (D.D.C. 2017) (cleaned up). "The discreteness limitation precludes using broad statutory mandates to attack agency policy, the better to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve." *Id*. (cleaned up). Moreover, "the only agency action that can be compelled under the APA is action legally required." *Id*. (cleaned up).

Here, the Complaint does not point to any discrete or final action that marks the consummation of HUD's decision-making process. HUD has discretion in selecting grantees, allocating funds across multiple grant programs and multiple years, negotiating the terms of grant agreements, and determining the form and manner of the NOFO process. *See, e.g.*, 42 U.S.C. § 3616a. Again, allegations that HUD has not yet obligated funds do not establish that HUD made a final decision not to obligate the funds by the September 30 deadline. Any allegation that HUD will fail to obligate funds before the end of the fiscal year is purely based on

Plaintiffs' conjecture stemming from the new Administration's timetable. To the extent Plaintiffs argue that HUD took final agency action by failing to obligate funds at an earlier point, there is no requirement that HUD obligate FHIP funds at a specific point before September 30.

Further, the APA does not apply where "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2), and Plaintiffs' attempt to evade this point is unavailing, *see* Opp. at 29–32. There is no dispute that FHIP funds are to be obligated before the end of the fiscal year, but that requirement does not supply any additional interim deadlines for the obligation of funds. Instead, HUD's administration of FHIP funds prior to September 30 is imbued with discretion. *See Lincoln v. Vigil*, 508 U.S. 182, 192 (1993).[2] Specifically, HUD has discretion to review FHIP programs and to ensure that FHIP grant terms align with the agency's current policies and priorities. Plaintiffs cannot sue to interfere with that authority. Simply put, HUD has until September 30 to obligate funds, and Plaintiffs have no legal right to force HUD to administer funds before that deadline.

**B. Plaintiffs Have Not Sufficiently Pled Any Constitutional Violations.**

The constitutional claims are based entirely on Plaintiffs' unfounded assumption that HUD will impound FHIP funds. *See* Compl. ¶ 133 ("HUD's unlawful impoundment of congressionally appropriated funds infringes on Congress's exclusive power over the federal purse. That exclusive power is conferred and protected in part by the Appropriations Clause, and the Executive has no constitutional authority to countermand it."); *id*. ¶ 137 ("HUD's unlawful impoundment of congressionally appropriated funds exceeds the Executive Branch's constitutional authority and impermissibly usurps the legislature's power, in violation of the

---

[2] The Congressional notification requirement that Plaintiffs point to does not prevent obligating the funds, as explained above. And while the Joint Explanatory Statement for the 2024 Appropriations Act does set minimum funding amounts for the EOI and FHOI programs, those constraints are not at issue in this lawsuit. *See* Joint Explanatory Statement to the Transportation, Housing and Urban Development, and Related Agencies Appropriations Act, 2024, at 50, H.R. 118-154, Div. L, Title II, 118th Cong. (2023), *available at* https://docs.house.gov/billsthisweek/20240304/FY24%20THUD%20Conference%20JES%20scan%203.2.24.pdf.

Separation of Powers." (citations omitted)); *id*. ¶ 141 ("HUD's refusal to negotiate second and third-year PEI contracts violates the Due Process Clause because it effectively terminates active PEI grants without notice or process in disregard of the Active PEI Plaintiffs' substantial reliance interests in their continued receipt of such funding.").

Because HUD has until September 30 to obligate FHIP funds and the Complaint does not establish that HUD has refused to comply with that deadline, Plaintiffs' constitutional claims fail. Plaintiffs' conjecture about future action cannot presently establish any constitutional violation. As to the Due Process claim, the Complaint acknowledges that no actual "termination" has been issued by HUD. *See, e.g.*, Compl. ¶¶ 14, 141. Plaintiffs attempt to control HUD's FHIP administration process by claiming that HUD's failure to abide by Plaintiffs' preferred timeline is indicative of a constitutional violation. However, in the absence of any existing Appropriations Clause, separation of powers, or Due Process violation, Plaintiffs improperly seek to usurp Executive authority to control the form and manner in which grants are administered. This generalized attempt to superintend the Executive Branch, detached from any concrete, particularized, redressable, or ripe injury, should not be permitted. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024). Defendants otherwise re-incorporate the arguments made in their opening motion. *See* Mot. at 14–18.

## CONCLUSION

For the reasons discussed in the Defendants' Motion to Dismiss and in the instant Reply, the Court should dismiss Plaintiffs' Complaint.

Dated: July 18, 2025                    Respectfully submitted,

                                                  BRETT A. SHUMATE
                                                  Assistant Attorney General
                                                  Civil Division

                                                  LESLEY FARBY
                                                  Deputy Branch Director
                                                  Federal Programs Branch

                                                  */s/ Heidy L. Gonzalez*

                HEIDY L. GONZALEZ
                (FL Bar No. 1025003)
                *Trial Attorney*
                U.S. Department of Justice
                Civil Division, Federal Programs Branch
                1100 L Street, N.W.
                Washington, DC  20005
                Tel. (202) 598-7409
                heidy.gonzalez@usdoj.gov

                *Attorneys for Defendants*