IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL FAIR HOUSING
ALLIANCE, *et al.*,

                Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT, *et al.*,

                Defendants.

No. 25-cv-01965-SLS

**DEFENDANTS' STATUS REPORT**

Pursuant to the Court's July 28, 2025 Order, ECF No. 25, Defendants provide the following information.

*Publication*

1. In HUD's July 25, 2025 status report, HUD stated that it "plans to publish the new NOFOs as soon as possible." ECF No. 22 at 2. HUD published the four new FHIP NOFOs on July 29, 2025.[1]

*Application Period*

2. Each NOFO was published with an August 21, 2025 application due date, representing a 23-day application period.

3. On July 28, 2025, HUD's Deputy Secretary issued a determination that exigent circumstances warrant a slightly shortened application period for these four NOFOs to ensure that HUD has enough time to comply with its statutory duty to obligate FY24 FHIP funds by

---

[1] https://simpler.grants.gov/opportunity/3582e372-0e25-4035-8622-40e4acbec486 (FHOI NOFO); https://simpler.grants.gov/opportunity/7f4faefd-b55e-4f4c-853a-01d5454170d9 (PEI NOFO); https://simpler.grants.gov/opportunity/f9ff54cc-f9ca-4be4-97ae-2f1b81a76319 (EOI NOFO); https://simpler.grants.gov/opportunity/40905eec-3851-4f84-9e32-fa435a86b1a8 (EOI-TCT NOFO).

September 30, 2025.  The Deputy Secretary considered that the current longer-than-usual timetable for grant administration is attributable to new leadership's review of prior grantmaking practices for compliance with new Executive Orders and to align those practices with the current Administration's policies.  Such review has been time-intensive, and has included various internal consultations, approvals, and revisions to standard forms including HUD's NOFO template.  This led to publication of modified FHIP NOFOs that contain provisions consistent with current Executive Orders and Administration policies.  Even if the new Administration could have conducted that review faster (which HUD does not concede), based on the current timeline, a shortened application period was approved and implemented to ensure compliance with the statutorily-required September 30, 2025 deadline for obligation of funding.

4. Further, HUD concluded that this limited application period reduction—from 30 to 23 days—is not significant for application preparation purposes.  HUD concluded that 23 days is a sufficient amount of time to apply to these long-standing FHIP programs.  Further, any potential adverse impact on the applicants is mitigated by the fact that many (if not all) applicants will only need to update their already-drafted applications for the September 2024 NOFOs.  In Plaintiffs' own words, the changes made to the September 2024 NOFOs are "minor." ECF No. 27 at 5.  And Plaintiffs themselves acknowledge that the new NOFOs contain reductions of what applicants must include in their applications.  *Id.* at 2–3.

*Congressional Reporting*

5. HUD's plan for Congressional notification remains as described in its July 25, 2025 status report.  ECF No. 22 at 3.

*Application Review, Award Determination, and Obligation*

6. On or around September 19, 2025, HUD plans to have completed application review and determined new awards.  As described in HUD's July 25, 2025 status report, HUD has implemented an expedited process for reviewing applications and determining awards.  Specifically, the plan is for application review to be centralized and conducted by personnel within HUD Headquarters on an expedited, priority basis, without also having to rely on regional

staff located across the country, as has been done in the past.  This will allow HUD Headquarters to exercise greater control over the process to ensure expedited processing by application reviewers who are solely assigned to that review.  Moreover, HUD's contractor support has revised and expedited its own timelines to accommodate the exigency here.

7. Plaintiffs point to the September 25, 2025 "Anticipated Award Date" and the November 1, 2025 "Estimated Performance Period Start Date" referenced in the NOFOs.  *See* ECF No. 27 at 4–5.  To publish a NOFO, those date fields must be populated in the GrantSolutions system, but the "Estimated" and "Anticipated" dates entered in those fields are not binding, and in this case do not accurately portray HUD's plans.

8. The September 25, 2025 date entered in the "Anticipated Award Date" field reflects HUD's target date for obligating the associated FHIP funds—5 days before the September 30, 2025 deadline.

9. Specifically, HUD will be able to obligate the subject FHIP funds before the end of the fiscal year through an obligation process that does not require grant agreements to be negotiated and executed prior to obligation.  Although HUD has in the past executed FHIP grant agreements prior to obligating the funds, that is not the only permissible way to obligate funds.  Here, as HUD has done before in other contexts, HUD instead plans to obligate all FHIP funds by issuing obligation letters to awardees stating that grant agreements shall subsequently be negotiated and executed, and record the obligations of FHIP funds in HUD's Line of Credit Control System (LOCCS).  No negotiations with or signatures from awardees are needed prior to obligating funds in this manner.  Further, the obligation letters will follow a template and will be simple to draft for each awardee.  Accordingly, HUD can quickly and efficiently obligate all funds shortly after awards are issued, thereby obviating any risk that funds would lapse in the midst of the grant negotiation process.

10. HUD is not aware of any awardees refusing to enter grant agreements when HUD has used this obligation method in the past.  And just as the existing FHIP-PEI grantees have

been executing grant agreements as previously reported, *see* ECF No. 28 at 2, HUD expects that the same will be true for those that choose to apply for the new FHIP NOFOs.

11. As to the performance period start date, HUD would like performance periods under FHIP grants to begin as soon as possible. The start date is one of the grant terms negotiated between HUD and the awardee, and accordingly will vary grantee by grantee. Again, the GrantSolutions system requires certain date inputs, but the "Estimated" date is not binding or reflective of the start date negotiated by individual awardees and HUD. Specifically, once awards are made and funds are obligated, HUD and awardees commence grant negotiations in the same manner that has been done with the existing PEI grantees. Once grant agreements are executed and recorded, grantees may commence performance on the agreed upon start date, which may very well be sooner than November 1, 2025.

Dated: August 4, 2025

                        Respectfully submitted,

                        BRETT A. SHUMATE
                        Assistant Attorney General
                        Civil Division

                        JOSEPH BORSON
                        Assistant Branch Director
                        Federal Programs Branch

                        */s/ Heidy L. Gonzalez*
                        HEIDY L. GONZALEZ
                        (FL Bar No. 1025003)
                        *Trial Attorney*
                        U.S. Department of Justice
                        Civil Division, Federal Programs Branch
                        1100 L Street, N.W.
                        Washington, DC  20005
                        Tel. (202) 598-7409
                        heidy.gonzalez@usdoj.gov

                        *Attorneys for Defendants*