IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, <br><br> Defendants. | No. 25-cv-01965-SLS |

## DEFENDANTS' STATUS REPORT

Pursuant to the Court's July 28, 2025 Order, ECF No. 25, Defendants provide the following information.

*Existing Multi-Year PEI Grantees*

1. On July 25, 2025, HUD reported that there were 18 existing multi-year PEI grantees for which subsequent year grant agreements still needed to be negotiated and executed.

2. On August 1, 2025, HUD reported that there were only 10 existing multi-year PEI grantees for which subsequent year grant agreements still needed to be negotiated and executed.

3. HUD now reports that there are only 5 existing multi-year PEI grantees for which subsequent year grant agreements still need to be negotiated and executed. Those negotiations are in progress and on track to be completed well in advance of September 30, 2025.

*FY24 NOFOs*

4. As of August 7, 2025, HUD received applications for each of the four NOFOs. Those applications were submitted within nine days of the NOFOs' publication, on July 29, 2025, undermining Plaintiffs' suggestion that the 23-day application period is inadequate, or otherwise burdensome. *See* ECF No. 30 at 1–2. Indeed, Plaintiffs do not dispute that the 23-day application period is sufficient.

5.      In response to HUD's August 4, 2025 status report, Plaintiffs request that the Court order HUD to determine and announce awards prior to August 31, 2025 using the applications received in response to the September 2024 NOFOs. *See* ECF No. 30 at 5. However, of the 179 eligible applications for the September 2024 NOFOs, review was completed for only 6 of those applications. Resuming review of those applications would require substantial re-reconfiguration of current plans with HUD and contractor personnel. Accounting for the time that re-configuration would take, if an order to resume review of applications under the September 2024 NOFOs were issued today, application review would likely not begin until August 18 at the earliest.

6.      Accordingly, it does not appear likely that HUD could determine awards by August 31, 2025, even if all contractor and HUD review personnel were fully available to conduct review beginning August 18. Further, such personnel may not be fully available between August 18 and August 31 because they have planned around review starting on September 2, once the August 21 application deadline has passed and applications have been processed and become available for review.

7.      Even if awards based on the September 2024 NOFOs could be announced by August 31, 2025, Plaintiffs request that HUD obligate the funds "by entering into contracts with the recipient organizations prior to September 30, 2025," ECF No. 30 at 5, risks lapse if those grant agreements are not negotiated and executed by September 30, 2025. In contrast, HUD's plan to obligate FHIP funds via obligation letters ensures immediate and timely obligation, followed by the grant negotiation process (the timing for which is not entirely in HUD's control and depends on awardee cooperation). *See* ECF No. 29 at 3.  And even if HUD could obligate the funds via execution of numerous grant agreements on September 30, 2025 as Plaintiffs propose, that would be later than HUD's target September 25, 2025 obligation date.

8.      Plaintiffs' request would also harm a broader audience of FHIP applicants that HUD is attempting to capture, who did not apply under the September 2024 NOFOs and would be deprived of the opportunity to apply now under the 2025 NOFOs.

9.      Plaintiffs also claim that HUD's plan "leaves insufficient time for HUD to reallocate unawarded funds prior to the obligate date." ECF No. 30 at 3–4.  Historically, reallocation has been atypical and rare. Further, while such reallocations have previously arisen when there has been sufficient time for reallocations to be made, HUD does not anticipate reallocations occurring with this set of applications given the short window of time to obligate the funds.  Moreover, HUD's plan for obligating the funds via obligation letter avoids this issue altogether because all remaining FY24 FHIP funds will be obligated the moment HUD signs the obligation letters.

10.     With respect to the performance period start date, certain grantees may prefer a start date later than October 1, 2025.  That said, absent a grantee-specific reason for a start date after October 1, 2025, HUD has no objection to offering an October 1, 2025 start date.  Again, HUD's preference is for FHIP grant performance periods to begin as soon as possible.

11.     As stated in HUD's July 25, 2025 status report, HUD plans to provide a notification to Congress by August 31, 2025 that will include various information about the proposed grants, including information about the 2025 NOFOs and the amounts that HUD proposes to obligate for categories of grants under the NOFOs.  Moreover, because the application period will now close on August 21, 2025, HUD's plans to identify the specific applicants from which HUD will make its ultimate selections. *See* 24 C.F.R. § 4.26(c)(2).  This is adequate "notification" of the grants "proposed."  42 U.S.C. § 3616a(e)(1).  Plaintiffs' position—that FHIP funds cannot be obligated until 30 days after awards are announced to Congress per 42 U.S.C. § 3616a(e)(1), *see* ECF No. 27 at 4—would put the funds at risk of lapsing, given that it does not appear likely that HUD could determine awards by August 31, 2025 even if the September 2024 NOFOs were used, as described above.

Dated: August 11, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH BORSON
Assistant Branch Director
Federal Programs Branch

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ
(FL Bar No. 1025003)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel. (202) 598-7409
heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*