IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *on behalf of itself and those similarly situated*, and TENNESSEE FAIR HOUSING COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and SCOTT TURNER, *in his official capacity as Secretary of Housing and Urban Development*,<br><br>Defendants. | Case No. 1:25-cv-01965-SLS |

**PLAINTIFFS' MOTION TO SUSPEND LAPSE DATE FOR FOURTEEN DAYS**

Plaintiffs respectfully provide an update on the Parties' discussions and to request that the Court order that the September 30th lapse date for the Fiscal Year 2024 appropriation for the Fair Housing Initiatives Program ("FHIP") be suspended for fourteen days. A proposed order granting this relief is attached hereto.

**I.      Update**

The Parties met and conferred in good faith following this morning's status conference, including two telephonic conferences. Plaintiffs share the following updates from these conversations:

- Defendants have agreed that the agency will provide the full list of award determinations to counsel for Plaintiffs on the morning of September 30th.

1

- Plaintiffs' understanding is that the additional $30 million in the FY2024 Appropriation has been allocated, but counsel for Defendants was unable to confirm whether those funds have actually been obligated.

- Individuals who identify improper award determinations arising from scoring errors will be able to work with the Department of Housing and Urban Development ("HUD") to potentially receive funding from other agency reservoirs.

- Defendants have not yet been able to share a position on other challenges to award determinations (i.e., those unrelated to scoring errors) and whether there is an alternative route to resolving such disputes short of extending the lapse date.

Because there exists the potential need to bring challenges other than those related to scoring errors, Plaintiffs submit this request to briefly suspend the lapse date. If the Parties reach further agreement, Plaintiffs will update the Court immediately.

## II. This Court Should Briefly Suspend the Lapse Date

As explained in more detail below, this Court has the inherent authority to suspend an appropriations deadline, an authority that is also confirmed by federal statute. Such an order would not interfere with HUD's plan to execute and send obligation and denial letters on September 30, nor would it interfere with the ability of organizations to negotiate the terms of their awards with HUD. This narrowly tailored relief is appropriate because recent developments have deprived Plaintiffs of any opportunity to assess potential challenges to award determinations.

Congress appropriated $86,355,000 for "contracts, grants, and other assistance, not otherwise provided for, as authorized by title VIII of the Civil Rights Act of 1968 (42 U.S.C. 3601 et seq.) and section 561 of the Housing and Community Development Act of 1987 (42 U.S.C. 3616a)." Consolidated Appropriations Act, 2024, Pub. L. No. 118–42, 138 Stat. 370. The FY2024 Appropriations Act requires that such funds "remain available until September 30, 2025." *Id.* After that point, the appropriation is generally deemed to have lapsed. 31 U.S.C. 1502(a).

First, this Court has the equitable authority to suspend the date that budget authority lapses when necessary to "preserve the status quo." *See National Ass'n of Regional Councils v. Costle*, 564 F.2d 583, 588 (D.C. Cir. 1977). This authority has been reaffirmed by the District of Columbia Circuit several times since *Costle* was decided. *See, e.g.*, *City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1426 (D.C.C. 1994) ("There is an equitable doctrine, however, that permits a court to award funds based on an appropriation even after the date when the appropriation lapses, so long as 'the lawsuit was instituted on or before that date.'"); *Goodluck v. Biden*, 104 F.4th 920 (D.C.C. 2024) (acknowledging the *Costle* doctrine and noting its consistency with district courts' powers under 31 U.S.C. § 1502(b)). And the authority has been used recently by district courts to hold open a date by which appropriations would otherwise expire. *See Nat. Family Planning & Reprod. Health Ass'n* ("*NFPRHA*"), No. 23-cv-01265-ACR (D.D.C.), ECF 38 (Sept. 12, 2025); *Nat. All. to End Homelessness v. Turner*, No. 25-cv-00447-MSM-AEM (D.R.I.), ECF 14.

Defendants have argued that Section 1502(b) does not provide independent authority for this court to hold open HUD's budgetary authority. But this argument misapprehends Plaintiffs' request. Plaintiffs request the Court use its equitable authority – not Section 1502(b) in isolation – to hold open the budgetary period. *Accord NFPRHA*, at 2 ("While [Section 1502(b)] further supports Plaintiff's availability of relief here, it is unnecessary for the Court to rely on it. This Court's inherent equitable powers permit it to preserve the funds at issue here."). And in any event, *Goodluck* confirms this equitable authority. In *Goodluck*, the Court's discussion of Section 1502(b) – in which it acknowledged that "Congress has expressly authorized courts to suspend the lapse of budget authority while lawsuits play out" – came in the context of explaining why the *Costle* line of cases did not run afoul of district courts' responsibility to ensure "that equitable

relief cannot violate statutes." 104 F.4th at 926-27. In other words, Section 1502(b) is evidence that the *Costle* doctrine is consistent with principles of equitable relief, not a reason to deny such relief.

Second, an order suspending the lapse date for the appropriation does *not* interfere with HUD's plan to obligate funds and send both award and denial letters on September 30th. Plaintiffs do not ask the Court to pause or otherwise intercede in the planned obligation activities. This is because, if the lapse date is suspended, a remedy would exist for an organization challenging the award determination irrespective of whether the funds have been obligated. The D.C. Circuit has recognized that, if a lapse date is suspended, an agency can be ordered to recover wrongly disbursed funds and expend them in accordance with the law. *National Ass'n of Neighborhood Health Centers v. Mathews*, 551 F.2d 321, 338 (D.C. Cir. 1976). In *Mathews*, the court confirmed that the agency was "seeking to recover" federal "funds that were illegally transferred," and that the district court could order that such recovered funds be available for obligation "beyond a statutory lapse." *Id.* Similarly, in *Population Institute v. McPherson*, the D.C. Circuit ordered an injunction pertaining to funding that had been obligated to third-party organizations. No. 85–6042, Order at 6–9 (D.C. Cir. Nov. 13, 1985) (enjoining disbursement of obligated funds to third-party organizations), *reprinted as an appendix*, 797 F.2d 1062, 1074 (D.C. Cir. 1986). Thus, so long as the appropriation deadline is suspended, proceeding with the obligation letters would not prevent an organization from subsequently asserting a challenge to an award determination.[1] Plaintiffs agree that proceeding with obligation letters on September 30th remains urgent and appropriate.

---

[1] The mere possibility of additional funding is adequate to create standing. *See, e.g.*, *West Virginia Ass'n of Community Health Centers, Inc. v. Heckler*, 734 F.2d 1570, 1576 (D.C. Cir. 1984) ("Under this line of cases, once appellants demonstrated that they would qualify to receive

Third, because HUD shifted back its timeline for awards without notice, a short suspension is appropriate here. As background, until last week, HUD's status reports assured this Court and plaintiffs that HUD would complete the award process by September 22 or September 23, putting it on track to execute obligation letters on September 25 or 26. *See, e.g.*, ECF 36, ¶ 11. As recently as the afternoon of Monday, September 22, Counsel for HUD confirmed in writing that the agency was on track to issue obligation letters on September 26. Counsel for HUD then stopped responding to Plaintiffs' outreach.

Plaintiffs have been operating under the assumption that, pursuant to the September 26 timeline HUD repeatedly put forth, they would have approximately four days to assess the need for any challenges to award determinations and, only if needed and only after that assessment, to assert any award-specific requests related to the appropriations deadline. When September 23 came and went without HUD giving any indication that it had completed the award process—contrary to its earlier assurances—Plaintiffs immediately filed an update with the Court and requested a status conference on September 24, noting the potential need to hold open the appropriation. ECF 48 at 2. It was only after Plaintiffs' filing that HUD informed them that it had been belatedly completed the award and notification processes and that the obligation date had been pushed back to September 30.

Had HUD sent award determinations on September 26, as it had claimed it would do, Plaintiffs would have worked expeditiously as planned to evaluate the propriety of a challenge and/or any cabined request to suspend the lapse date only with respect to those funds implicated by any such challenge. As it stands, Plaintiffs will not have the opportunity to explore award-

---

these funds, they need not shoulder the additional burden of demonstrating that they are certain to receive funding.").

5

specific relief before the lapse date. Accordingly, a short extension of the lapse date, without interruption of the obligation process, is necessary.

During the fourteen days, Plaintiffs will work quickly to reach out to HUD to resolve any technical errors that resulted in improper award determinations and evaluate whether further litigation is necessary.

Dated: September 29, 2025

Respectfully submitted,
/s/ *Lila Miller*
Lila Miller (DC Bar No. 1643721)
Reed Colfax (DC Bar No. 471730)
Robert Hunter (DC Bar No. 90031794)
RELMAN COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
Tel: (202) 728-1888
Fax: (202) 728-0848
lmiller@relmanlaw.com
rcolfax@relmanlaw.com
rhunter@relmanlaw.com

*Attorneys for Plaintiffs*