**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

NATIONAL FAIR HOUSING
ALLIANCE, *et al.*,

             Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT, *et al.*,

             Defendants.

No. 25-cv-01965-SLS

---

**JOINT STATUS REPORT**

Pursuant to the Court's December 22, 2025, Minute Order, the Parties have conferred and jointly provide the following responses and updates. As an initial matter, the Parties agree that the execution of Plaintiffs' FY24 FHIP contracts currently remains outstanding.

**I.**      **Plaintiffs' Position**

Plaintiff Tennessee Fair Housing Council (TFHC) and Plaintiff National Fair Housing Alliance (NFHA), on behalf of itself and its members, brought this action to challenge the U.S. Department of Housing and Urban Development's ("HUD") alleged "refusal to . . . spend funds that Congress has appropriated." ECF 1 at ¶ 1; *see also id*. ¶¶ 4–5 (discussing HUD's obligation to spend appropriated funds). Plaintiffs claimed, among other things, that HUD had unlawfully withheld or unreasonably delayed the administration of new Fair Housing Initiatives Program ("FHIP") grants in violation of 5 U.S.C. § 706(1) of the Administrative Procedures Act. *Id*. at ¶¶ 117–22. That challenge includes HUD's failure to complete the contracts necessary to allow Plaintiffs to begin work under FHIP. For example, Plaintiffs' Prayer for Relief included a request for an order that HUD "[i]ssue awards and finalize contracts for the FY2024 NOFOs," i.e., for the new FHIP awards. *Id*. at 34.

Plaintiffs assert that HUD continues to engage in unreasonable delay in administering the 2024 Notice of Funding Opportunity (FY2024) FHIP grants and that delay continues to injure Plaintiffs and NFHA's members, as alleged in the complaint.

The FHIP grant awards under the 2024 NOFO were announced on September 30, 2025. Almost exactly three months later, HUD remains at the very beginning stages of the process of administering those grants—a process that must be completed before organizations can begin work and receive grant funds. While the federal government was shut down for 43 days during that 3-month period, under a typical FHIP funding sequence it would take only two to four weeks from the grant award to finalize and sign the required documents. *See* ECF 11-2 at ¶ 13. The government has now been open for six weeks, yet the negotiation of the agreements is still stuck at the starting line. The delay is exclusively a result of HUD's failure to timely present proposed award documents to the FHIP awardees and to be prepared to negotiate those documents when template versions were finally sent on December 17 and 18, 2025. The "template baseline agreements" were sent for the organizations to review "in preparation for grant negotiations and anticipated grant work." Ex. 1 (HUD Dec. 17 email). When it sent the templates, HUD stated that "[t]he *actual* Statement of Work, Budget and payment schedule, as well as any applicable special conditions for your award, will be negotiated; the final version of these required documents will be included in the finalized grant agreement packages presented by HUD to you for execution, following negotiations." *Id.* (emphasis added). Only two of the FHIP organizations have received those "actual" grant documents. Most FHIP awardees have reached out to HUD seeking their grant documents and asking to commence negotiations, as HUD had represented to the Court that HUD "staff remains available to negotiate and execute baseline agreements with Plaintiffs and their members between December 15, 2025 and December 29, 2025 (and after, as needed)." ECF 61. Nonetheless, HUD has not provided the overwhelming number of grant agreements, was not prepared to negotiate the agreements, and no real progress could be made in the December 15–29 timeframe. Even now, HUD will not commit to a firm timeline for providing the agreements. HUD has continued the unreasonable

2

delay in administering the FHIP grants alleged in the complaint. In a typical scenario, the awards process would have been completed in the spring of 2025; yet we now sit as much as nine months later with HUD continuing to slow-walk the process.

Plaintiffs also outlined in their Complaint the injuries to themselves and to NFHA members from HUD's failure to finalize the contracts and begin funding FHIP work. ECF 1 at ¶¶ 92–113. The organizations' employee layoffs and service cutbacks alleged in the complaint remain or have increased, and the resulting effects on the communities they serve continue. *See, e.g.*, ECF 11-3. As the Court has previously recognized, Plaintiffs' allegations that a failure to administer the FHIP awards would force Plaintiffs to close offices, downsize, and lay off staff "are the types of harms that courts have held to be irreparable." ECF 24 at 24 (citing *Nat'l Council of Nonprofits v. OMB*, 763 F. Supp. 3d 36, 57 (D.D.C. 2025) (finding that harms flowing from funding freeze constitute irreparable harm); *Am. Ass'n of Colls. for Tchr. Educ. v. McMahon*, 770 F. Supp. 3d 822, 858 (D. Md. 2025) (finding that Plaintiffs and their members will suffer irreparable harm because loss of funding will cause some of them to shutter their programs). That same harm remains ongoing: the funding gaps created by HUD's alleged delay continue to this day.

Although HUD issued obligation letters for the FY2024 FHIP funding before the September 30, 2025 appropriations deadline, it has not yet finalized the contracts that would permit the disbursal of the grant funds, and it cannot do so until it negotiates and executes the paperwork with the recipients. The unlawful withholding and unreasonable delay that Plaintiffs challenged in the first place is ongoing and will continue until the FHIP contracts are in place and executed, leaving a live controversy under the APA as alleged in the complaint because the failure violates the law and continues to injure Plaintiffs.

## II.    Defendants' Position

On December 23, 2025, HUD provided Plaintiff TFHC the remaining portions of its grant agreement (including Statement of Work) and provided Plaintiff NFHA the remaining portions of the grant agreement for one of NFHA's two awards.  Today, HUD provided NFHA a revised

Statement of Work for the grant agreement for its other award with a request that NFHA submit an updated budget that is conformed to the award amount and the revised Statement of Work. As of this filing, grant negotiations with Plaintiffs NFHA and TFHC are ongoing, and those agreements could be executed very soon. From HUD's perspective, Plaintiff TFHC's award and NFHA's first award are ready for execution now. Indeed, Plaintiff TFHC has indicated that it is prepared to sign the agreement as circulated by HUD.

HUD remains on track to provide the awardees for the other 103 awards the remaining portions of their agreements beginning in early January, as previously reported. *See* ECF No. 64 at 2-3. HUD will work as quickly as possible to provide the remaining grant documents to all awardees on a rolling basis. These remaining grant documents cannot be dispatched to all other awardees in bulk and all at once as with the baseline agreements—which contained universal language for each type of grant—because the Statement of Work and other remaining grant documents are award-specific, and require detailed and time-intensive preparation, as further explained in Defendant's December 15 status report. *See* ECF No. 64 at 2.

As these efforts progress, HUD will have to balance drafting and distributing remaining grant documents for other awardees against the competing demand of negotiating and executing agreements with awardees who have already received their remaining grant documents, while factoring in awardees' eligibility and preferences for certain work start dates. Because HUD cannot control awardees' actions throughout the negotiation process, it is difficult for HUD to predict the date on which all grant agreements will be executed. HUD has assembled a centralized processing team for these grants containing experienced personnel, who will remain available throughout December and January (including this week, excluding federal holidays) to negotiate and execute agreements with all awardees as quickly as possible.

HUD proposes that it provide a status report on January 23, 2026 to confirm the agreements that have been executed and, if needed, inform the Court of the progress of any remaining negotiations. Because this case is progressing toward a posture where it should be undisputed that the case has become moot and given the impact this litigation is having on

HUD's ability to process the grants for *all* awardees as quickly as possible, *see* ECF No. 64 at 3, HUD respectfully submits that it should concentrate its resources on grant work to the greatest extent possible.

Dated: December 29, 2025                 Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH BORSON
Assistant Branch Director
Federal Programs Branch

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ (FL Bar No. 1025003)
*Trial Attorney*
U.S. Department of Justice,
Civil Division, Federal Programs
1100 L Street, N.W.
Washington, DC  20005
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*

*/s/ Lila Miller*
Lila Miller (DC Bar No. 1643721)
Reed Colfax (DC Bar No. 471730)
Robert Hunter (DC Bar No. 90031794)
Relman Colfax PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
Tel: (202) 728-1888
Fax: (202) 728-0848
lmiller@relmanlaw.com
rcolfax@relmanlaw.com
rhunter@relmanlaw.com

*Attorneys for Plaintiffs*